# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDSEY ROCKWOOD | : | CIVIL ACTION |
| | : | |
| v. | : | No. 21-4438 |
| | : | |
| KILOLO KIJAKAZI | : | |
| *ACTING COMMISSIONER OF THE* | : | |
| *SOCIAL SECURITY ADMINISTRATION* | : | |

## MEMORANDUM

**Juan R. Sánchez, C.J.**                                                              **September 27, 2022**

Lindsey Rockwood seeks review of the final decision of the Commissioner of Social Security denying their[1] claim for Child Disability Benefits (CDB). United States Magistrate Judge Scott W. Reid issued a Report and Recommendation (R&R) recommending Rockwood's case be remanded for the taking of additional evidence, to which the Commissioner has objected. Upon de novo review of the R&R and the Commissioner's objections thereto, this Court agrees with the objections and declines to adopt the R&R. Rockwood's Request for Review will be denied, and the decision of the Administrative Law Judge (ALJ) denying Rockwood's application for CDB will be affirmed.

**BACKGROUND**

Rockwood protectively applied for CDB on September 27, 2019, asserting disability due to depression, anxiety, obsessive compulsive disorder, insomnia, learning impairments, fibromyalgia, obesity, gastroesophageal reflux disease, and polycystic ovary syndrome. They alleged an onset date of August 5, 2016, two weeks before they turned 22, which is the maximum

---

[1] Although the ALJ uses she/her pronouns to refer to Rockwood, the record suggests that they may prefer they/them pronouns. *See* Tr. 414. The Court therefore uses the more neutral identifier.

age for disability onset for CDB.[2] 20 C.F.R. § 404.350(a)(5). Rockwood's application for benefits was denied at the initial and reconsideration stages. They sought a hearing before an ALJ, and after the hearing the ALJ denied their application on December 1, 2020. The Appeals Council affirmed, and this action followed. Judge Reid found the ALJ's decision was not based on substantial evidence, and recommended remand for the taking of additional evidence, to which the Commissioner objects.

**STANDARD OF REVIEW**

This Court reviews de novo the Commissioner's objections to the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1)(C). As long as the ALJ's factual findings are supported by substantial evidence in the record, however, this Court is bound by those findings. 42 U.S.C. § 405(g); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). This Court may not weigh the evidence or substitute its own conclusions for those of the ALJ when determining whether substantial evidence exists. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). This Court will uphold an ALJ's opinion if it relies on substantial evidence, regardless of whether this Court would have "decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

**DISCUSSION**

This Court's role is to ensure the ALJ's decision was based on substantial evidence. This bar, which is "not high," was met in this case. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

---

[2] Rockwood initially alleged an onset date of January 1, 2007, but amended that date at the time of the administrative hearing. Tr. 15.

First, the ALJ relied on almost 1,000 pages of medical evidence in making his Residual Functional Capacity (RFC) determination. While he rejected two medical opinions, he was within his sound discretion to do so. Second, the ALJ's decision explained how he incorporated evidence of Rockwood's limitations in crafting their RFC. The ALJ's decision thus relied on substantial evidence and the Magistrate Judge's finding to the contrary was erroneous. As such, the R&R will be rejected and the ALJ's decision affirmed.

The ALJ found Rockwood had six severe impairments at the time they turned 22: anxiety disorder, affective disorder, obsessive-compulsive disorder, learning disorder, fibromyalgia, and obesity. Tr. 17. However, he also found Rockwood's impairments did not meet or medically equal the severity of one of the listed impairments as required by 20 C.F.R. § 404.1526. Tr. 18. Ultimately, he decided Rockwood had the Residual Functional Capacity (RFC) to perform certain jobs in the national economy and thus denied Rockwood's claim for CDB. Tr. 25.

Rockwood first argues the ALJ's RFC assessment was not supported by substantial evidence because the "ALJ failed to explain how, given the available evidence . . . he included the functional restrictions that he chose to include." Pl.'s Br. Supp. Rev. 4, ECF 11. This argument is unavailing. In fact, the ALJ used the extensive evidence in the record to develop an RFC reflecting Rockwood's ability, and he explained his reasoning thoroughly. For example, he based his decision to limit Rockwood's RFC to light work due to their fibromyalgia and obesity. Tr. 24. His choice to only include "repetitive tasks and not at a production rate pace" was in response to Rockwood's stress and anxiety disorder. *Id.* The functional ability to only occasionally interact with supervisors, co-workers, and the public was chosen due to Rockwood's relative stability but infrequent periods of depression where they may struggle to socialize and make eye contact. Tr. 554.

Rockwood also argues remand is required because, in crafting Rockwood's RFC, the ALJ disregarded opinions from Drs. Small and Gold, the "only physicians who evaluated the record and issued an opinion" regarding Rockwood's mental impairments, creating "an evidentiary deficit." Pl.'s Br. Supp. Rev. 4, ECF 11. The Court disagrees. Out of nearly one thousand pages of evidence in the administrative record, the only medical testimony the ALJ disregarded was the findings of Drs. Small and Gold. Tr. 10. Both doctors opined there was insufficient evidence regarding Rockwood's mental impairments as of age 22 to make a determination of disability. Tr. 58, 68. The ALJ disagreed, finding the record replete with evidence about mental disability, including records from medication management appointments and mental status exams, as well as Rockwood's own testimony. As the Commissioner points out, if the ALJ credited these two doctors' reports, the ALJ's analysis would have ended much earlier. Def.'s Obj. 22, ECF 12. Indeed, the ALJ was able to find Rockwood suffered from severe mental impairments only because he disregarded the opinions of Drs. Small and Gold. Tr. 24.

While evidence may not be rejected for "no reason or for the wrong reason," an ALJ is not duty bound to accept as true all medical opinions. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). Instead, an ALJ gives medical opinions varying weight based on a variety of factors, including the relationship the source has to the claimant and the consistency of the opinion with the record as a whole. 20 C.F.R. § 404.1527(c). Here, the ALJ found the doctors' opinions that the record did not have enough evidence to support a finding of mental impairment to be unpersuasive because the opinions were "not consistent with the objective medical evidence" in the record. Tr. 24; *see Dula v. Barnhart*, 129 F. App'x 715, 719 (3d Cir. 2005) (holding an ALJ was entitled to discount doctors' opinions that were "inconsistent with the other evidence in the record"). Further,

Drs. Small and Gold were non-examining medical sources; they merely reviewed existing medical records created by other physicians. *See* Tr. 68; 20 C.F.R. § 404.1527(c)(1)-(2).

The ALJ did not err by discounting these opinions, nor did he create an "evidence deficit" by doing so. While Drs. Small and Gold were the only medical *opinions* on the issue of mental impairment as it related to Rockwood's disability status, they were not the only medical *evidence* on the subject. The ALJ appropriately turned to Rockwood's voluminous mental health treatment records. *See Humphreys v. Barnhart*, 127 F. App'x 73, 76 (3d Cir. 2005) ("The ALJ also relied upon substantial objective medical evidence that contradicted the opinions of [the doctors]."). Through review of these medical management notes, counseling services records, and psychiatric evaluations, the ALJ concluded that Rockwood did indeed have a mental impairment at the age of 22, and used this evidence to determine Rockwood's RFC. This is hardly the "evidentiary void" of which Rockwood complains. Pl.'s Br. Supp. Rev. 4, ECF 11.

The case Rockwood cites is clearly distinguishable. In *Suide v. Astrue*, the Seventh Circuit found an ALJ erred in rejecting a medical opinion and making an RFC determination without sufficient evidence. 371 F. App'x 684, 690 (7th Cir. 2010). In that case, however, without the rejected opinion, the ALJ did not have sufficient evidence in the record. Rather, the only remaining evidence from the relevant period was a few physical therapy reports which detailed more physical difficulty than the ALJ's RFC reflected. *Id.* In contrast, here, without the opinions of Drs. Small and Gold, the ALJ still had access to hundreds of pages of medical evidence of Rockwood's mental impairments from the relevant time period. He relied on this evidence when crafting the RFC, which accurately reflects Rockwood's abilities as depicted in the record.

Rockwood further alleges the ALJ erred by failing to send them to a consultative examiner. Pl.'s Reply Br. 4, ECF 14. However, the regulations only require an ALJ to order such examination

5

when the medical sources in the record "cannot or will not give [the ALJ] sufficient medical evidence about [the claimant's] impairment for [the ALJ] to determine whether [the claimant] is disabled." 20 C.F.R. § 404.1517; *see also Thompson v. Halter*, 45 F. App'x 146, 149 (3d Cir. 2002) ("[T]he ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision."). Rockwood failed to show that a consultative examination was necessary for the ALJ to create the RFC, as there was sufficient medical evidence in the record on which he could base his opinion without ordering an additional examination. While this Court may have made a different recommendation, the ALJ's decision was based on sufficient—and substantial—evidence.

In recommending remand, the Magistrate Judge improperly re-weighed the evidence before the administrative body. The Court's only role is to consider whether there exists enough evidence that a "reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154. Instead of identifying the (myriad) relevant evidence that *does* support the ALJ's conclusion, however, the R&R focuses on evidence in the record that *could* support a finding of a greater mental disability. For example, the R&R's note to "consider how limited an individual's daily activities must be if 'going outside and waiving at neighbors,' is reported by their psychotherapist as a significant accomplishment" is manifest evidence of re-weighing, clearly suggesting the ALJ did not interpret the psychotherapist's reports of progress in the right way. R&R 9, ECF 15. Such re-weighing is not permitted under the "substantial evidence" standard. 42 U.S.C. § 405(g).

Separately, Rockwood argues the appointment of Andrew Saul as the Commissioner of the Social Security Administration violated the Appointments Clause, and therefore the

Commissioner's exercise of authority in their case was unconstitutional. Pl.'s Reply Br. 1, ECF 14. This Court agrees with Judge Reid that Rockwood has not made out a valid claim, as they failed to allege a sufficient "nexus" between the harm they experienced and the allegedly unconstitutional appointment of the Commissioner. *Vargas v. Kijakazi*, No. 20-5927, 2022 WL 3099768, at *8 (E.D. Pa. Aug. 4, 2022) (citing *Collins v. Yellen*, 141 S. Ct. 1761, 1788 (2021)) ("Notably, post-*Collins*, all of the courts in this Circuit that have considered such separation of powers arguments as the one raised here by Plaintiff have agreed, citing *Collins*, that they do not warrant remand.").

Because the ALJ's decision relied on substantial evidence, the Commissioner's objections will be sustained. The R&R will be approved insofar as it rejects Rockwood's Appointments Clause argument but not insofar as it recommends remand. Rockwood's Request for Review will be denied, and the ALJ's decision will be affirmed. An appropriate Order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.